UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LINDA WILLIAMSON | CIVIL ACTION NO. 6:14-cv-03047 |
| VERSUS | JUDGE HAIK |
| DAILY UNDERWRITERS OF AMERICA | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Daily Underwriters of America, the defendant in this lawsuit, removed this action from the 27th Judicial District Court, St. Landry Parish, Louisiana, alleging that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  Daily Underwriters must bear that burden.

Following a review of the pleadings filed thus far, the undersigned finds that the parties to this lawsuit are diverse in citizenship.  The plaintiff alleges in her complaint that she is domiciled in Louisiana.  Therefore, she is a Louisiana citizen.[2]

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

In the complaint, the plaintiff alleged that Daily Underwriters is a foreign insurance company doing business in Pennsylvania. In the removal notice, Daily Underwriters alleged that it is a corporation formed under the laws of Pennsylvania, with its principal place of business in that state. Since 28 U.S.C. § 1332(c)(1) provides that a corporation's citizenship is determined by its state of incorporation and the state of its principal place of business, Daily Underwriters is a Pennsylvania citizen. Additionally, Daily Underwriters alleged in its removal notice that its insured in this action, Dennis A. Peters, is a citizen of Maryland. Under 28 U.S.C. § 1332(c)(1), the citizenship of a liability insurer's insured is imputed to the insurer when a direct action is brought against the insurer and the insured is not named as a party in the suit. Since Peters is not named as a defendant in this suit, Daily Underwriters is, for purposes of this lawsuit, a citizen of Maryland. Thus, under either analysis, the parties are diverse in citizenship.

The undersigned finds, however, that the defendant has not established that the amount in controversy exceeds the jurisdictional threshold. In a case like this one, in which the plaintiffs do not seek recovery of a determinate amount in their complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[3]

---

[3] *St. Paul Reinsurance*, 134 F.3d at 1253.

To satisfy that burden, Daily Underwriters must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[4]

The undersigned finds that the jurisdictional amount is not "facially apparent" from the allegations of the plaintiff's petition because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement. Although the plaintiff alleges in her petition that her cervical and lumbar spine were injured in the accident, the actual nature and extent of her injuries is not explained. She alleged that she had undergone medical treatment in the past and would need medical treatment in the future, but neither the nature nor the cost of such treatment is addressed. She also alleged that she lost time from work due to the accident, but does not provide any basis for quantifying her lost wages. The plaintiff did not ask for a jury trial, which is available under Louisiana state law for claims exceeding $50,000[5] nor does her petition include the information referred to in Louisiana Code of Civil Procedure Article 893(A)(1), which states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the

---

[4] *St. Paul Reinsurance*, 134 F.3d at 1253.

[5] Louisiana Code of Civil Procedure Article 1732(1).

claim exceeds or is less than the requisite amount is required." The defendant did not address the awards granted by Louisiana courts to plaintiffs claiming injuries similar to this plaintiff's. Finally, the defendant alleged that the plaintiff's counsel "has specifically advised. . . that Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs" (Rec. Doc. 1 at 1-2) but submitted no proof of that allegation. For these reasons, the undersigned cannot determine whether the amount in controversy exceeds the jurisdictional threshold.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, Daily Underwriters shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The plaintiff will be allowed seven days to respond to the defendant's submission.

Signed at Lafayette, Louisiana, this 20th day of April 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE